IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bakari Ajumu,                               Case No. 1:13 CV 189

              Petitioner,            MEMORANDUM OPINION
                                      AND ORDER
    -vs-
                                      JUDGE JACK ZOUHARY

Barry Goodrich,

              Respondent.

## INTRODUCTION

Pro se Petitioner Bakari Ajumu filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner then filed a Motion to Amend his Petition to include two additional grounds for relief (Doc. 5). Respondent filed a Motion to Dismiss the Petitions as untimely (Doc. 8). Petitioner opposed the Motion (Doc. 9), and Respondent replied (Doc. 12). This case was referred to Magistrate Judge Knepp, whose Report and Recommendation (R&R) recommended the Motion to Dismiss be denied in part and granted in part, finding the original Petition timely but the Amended Petition untimely (Doc. 13). Respondent timely objected, arguing the R&R miscalculated the deadline (Doc. 14). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. §§ 636(b)(1)(B) & (C), this Court has reviewed the Magistrate Judge's conclusions de novo. For reasons that follow, this Court dismisses both the original and Amended Petitions as time-barred.

## BACKGROUND

**State Court Proceedings**

On May 5, 2010, Petitioner was convicted of murder (Doc. 8-1 at 4). Petitioner filed an appeal with the Ohio Court of Appeals on June 17, 2010 (*id.* at 10). On May 26, 2011, the state appellate court affirmed the conviction (*id.* at 70). Petitioner then filed an appeal with the Supreme Court of Ohio on July 5, 2011 (*id.* at 72–73). On October 19, 2011, the Ohio Supreme Court denied leave to appeal and dismissed the case (*id.* at 136). Petitioner did not file a petition for certiorari with the U.S. Supreme Court during the ensuing ninety-day window. *See* Sup. Ct. R. 3.

**Federal Habeas Proceedings**

On January 18, 2013, Petitioner placed in the prison mail system the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). He asserted two grounds for relief:

> 1. The State commits reversible error, not harmless error, when the State elicits testimony from its own witnesses which reveals a criminal defendant's prior criminal record before the defendant testifies.
>
> 2. The prosecutor deprives a defendant his constitutionally guaranteed right to a fair trial, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution when she suggests to a jury that the defendant's post-arrest silence was evidence of recent fabrication.

On April 24, 2013, Petitioner moved to amend his Petition (Doc. 5 at 1), asserting two additional grounds for relief:

> 1. The trial court erred in violation of Evid. R. 404(A)(2) and 405(B), the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution when it excluded evidence of specific acts of violence by the victim that was admissible to prove Petitioner's state of mind in support of Petitioner's claim of self defense and to demonstrate that Petitioner had a valid reason for fearing the victim, when the evidence had been identified, authenticated and viewed by the jury.
>
> 2. Petitioner's conviction for murder in violation of Chapter 2903.02(B) of the Ohio Revised Code is not supported by sufficient evidence, and therefore, violates Petitioner's rights under the Fourteenth Amendment to the United States Constitution.

2

**STATUTE OF LIMITATIONS**

Because Petitioner is appearing pro se, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by legal counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has one year in which to file a habeas petition. 28 U.S.C. § 2244(d)(1). The year begins to run from the latest of four events, including "the date the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." Judgment becomes final on the last day a petitioner can petition for a writ of certiorari with the U.S. Supreme Court but fails to do so, and the statute of limitations begins to run the following day. *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (applying Federal Civil Rules to calculate AEDPA statute of limitations). The one-year period then ends on the one-year anniversary of the last day to petition for certiorari. *Id.* This includes the extra day of a leap year. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

**ANALYSIS**

Respondent claims the instant Petitions are time-barred by the one-year statute of limitations (Doc. 8 at 1). *See* 28 U.S.C. § 2244(d)(1). The Supreme Court of Ohio dismissed Petitioner's appeal on October 19, 2011 (Doc. 8-1 at 136). Petitioner then had ninety days to petition for a writ of certiorari with the U.S. Supreme Court. Sup. Ct. R. 13. Petitioner did not petition for certiorari; his judgment then became final on January 17, 2012, the expiration of the ninety-day window. The statute of limitations began to run the following day, January 18, 2012. *See Bronaugh*, 235 F.3d at 285. The statute of limitations then expired one year later on the anniversary date of the triggering event, January 17, 2013. *See Bronaugh*, 235 F.3d at 285; *Marcello*, 212 F.3d at 1010 (including the extra day in a leap year in the one-year anniversary method calculation).

3

Petitioner filed for habeas relief on January 18, 2013, the date on which he submitted it for mailing from the correctional facility (Doc. 1 at 12). *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Therefore, Petitioner missed his filing date by one day for his original Petition and by a few months for his Amended Petition. His Petition is time-barred, absent equitable tolling.

**Equitable Tolling**

"The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal citations omitted). AEDPA's statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To be eligible for equitable tolling, Petitioner must prove "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal citations omitted). Equitable tolling is to be "used sparingly by federal courts." *Robertson*, 624 F.3d at 784.

Petitioner claims to be eligible for equitable tolling because the process of petitioning for habeas corpus is complex "even for the most experienced attorneys," more so then for inexperienced pro se petitioners (Doc. 9 at 6).

Petitioner next claims to have relied on Federal Civil Rule 6, and in doing so mistakenly understood the triggering event to be the day after the time for petitioning for certiorari expired (*id.* 6–7). Petitioner claims "his failure was not due to his lack of diligence, but was the direct result of his inability to fully grasp the mass undertakings of habeas corpus" (*id.* at 7).

The Sixth Circuit has held that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (citing *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991)). Following this rule, Petitioner's misunderstanding of the law and how

4

to calculate time cannot justify equitably tolling the statute of limitations. Petitioner had a year to prepare and file his Petition, and he has not cited a condition outside of his control that caused him to miss the deadline.

## **CONCLUSION**

Based on the foregoing, this Court dismisses the instant Petitions (Docs. 1 & 7) as time-barred under AEDPA's statute of limitations. This Court adopts the R&R in part and rejects it to the extent it found Petitioner's original Petition timely. Further, this Court finds no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Federal Appellate Rule 22(b).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 25, 2013